IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.  Criminal Case No: 2:13cr45

KENNETH RAY ANDERSON,
        Defendant.

## OPINION/ ORDER CONCERNING
## PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Kenneth Ray Anderson, in person and by counsel, L. Richard Walker, appeared before me on November 1, 2013. The Government appeared by Brandon Flower, its Assistant United States Attorney.

The Court proceeded with the Rule 11 proceeding by placing Defendant under oath. The Court determined that Defendant intended to enter a plea of "Guilty" to a One-Count Information.

The Court determined Defendant's plea was pursuant to a written plea agreement and asked the Government to tender the original to the Court. The AUSA summarized the agreement. He advised the Court there had been at least one prior plea agreement offered to Defendant under the Indictment. That agreement was less favorable than the current one, requiring Defendant to plea to a count with a higher maximum sentence and a higher offense level. Counsel for Defendant agreed that there was a prior offer made which he discussed with his client, but did not recommend. He also discussed the current agreement and did recommend it. Defendant agreed both offers were discussed with him by his counsel. He also agreed that the AUSA's summarization of the plea agreement was, in fact, his deal with the Government. The Court **ORDERED** the written Plea Agreement filed.

The Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear and accept the entry of his guilty plea and his understanding of the difference between an

Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea. He tendered to the Court a signed written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was also countersigned by Defendant's counsel and concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Kenneth Ray Anderson, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment. The undersigned reviewed with Defendant the One-Count Information, including the elements the United States would have to prove at trial, charging him with possession of a firearm with a shortened barrel, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871. Defendant verbally acknowledged his understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge

received and **ORDERED** the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the One-Count Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $10,000 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject up to three (3) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; and understood that the Court may require him to pay the costs of his incarceration and supervised release.

The Court then inquired of Defendant regarding his understanding of his conditional waiver of appellate rights as contained in the written plea agreement, as follows:

Ct: Did you and Mr. Walker discuss your right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals?

Def: Yes.

Ct: Did you and he discuss that you may have an opportunity to file a motion collaterally attacking or challenging the sentence and how it was calculated?

Def: Yes.

Ct: Did you understand from those discussions that if under paragraphs 14 and 15, the district judge

imposes an actual sentence which is consistent what I mean by a writ of habeas corpus motion is a motion that you file after your sentencing that challenges the sentence or how it is being carried out by the warden and the staff at the prison?

Def: Yes, sir.

Ct: Did you and your lawyer discuss and did you understand that under paragraphs 14 and 15 of your written plea agreement, if the District Judge imposes an actual sentence which is consistent with a guideline sentence which has a total offense level of 17 or lower then you give up your right to appeal that actual sentence to the Fourth Circuit and you give up your right to collaterally attack or challenge that sentence by filing a writ of habeas corpus motion?

Def: Yes.

Ct: And that's what you intended to do by signing the agreement with paragraphs 14 and 15 in it. Is that correct, sir?

Def: Yes.

Upon consideration of all which, the Court finds Defendant understood his appellate rights and knowingly and voluntarily waived those rights pursuant to the condition contained in the written plea agreement.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the amended written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on October 23, 2013, and

determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the One-Count Information, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. Defendant also stated he understood that only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in the One-Count Information and make a determination as to whether to accept or reject any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Thereupon, Defendant, Kenneth Ray Anderson, with the consent of his counsel, L. Richard Walker, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the One-Count

Information.

The Court would normally at this point in the proceedings hear the testimony of a witness to provide a basis in fact for the guilty plea. The parties in this matter had, however agreed to a proffer of facts to form the basis for the guilty plea. The Court inquired of Defendant, who stated he agreed with this procedure.

The AUSA appearing then proffered that on or about March 6, 2013, officers, including West Virginia State Police, contacted Defendant with regard to an investigation of a fugitive, Kevin Gregory. Defendant told the police that Gregory was staying at his house in Webster County, within the Northern District of West Virginia. He consented to the police looking for Gregory in the residence. Upon entering they found Gregory hiding, along with a shake and bake active meth lab. Upon executing a search, they also found a firearm in a bedroom being occupied by Gregory. The ATF received the firearm because Gregory was a prohibited person. Upon investigation, the ATF determined that the firearm had not been manufactured in West Virginia, and was therefore involved in interstate commerce. It was not registered by record, including by Defendant. It was operable and met the federal definition of a firearm. It had a shortened barrel, however. Defendant made statements to the officers, admitting he had possessed the firearm and had fired it once. He said that an individual had brought it to his residence, offering to sell it to him. Defendant did not buy the gun, but it remained at his house for about the two weeks prior to the March 6th search. He admits that at some point in those two weeks, but not necessarily on March 6th, he possessed the firearm, and did take it out back of his house and fire it once.

Defendant stated he heard, understood, and did not disagree with the proffer and the additions made by his counsel regarding his own actions. From the proffer, the undersigned Magistrate Judge concludes the offense charged in the One-Count Information is supported by an independent basis in fact

concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood his right to have his charges presented in an Indictment and knowingly, freely and voluntarily elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty, including the statutory maximum sentence; Defendant made a knowing and voluntary plea of guilty to the One-Count Information; and Defendant's plea is independently supported by the AUSA's proffer, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained in the One-Count Information and recommends the plea agreement be accepted and he be adjudged guilty on said charge as contained in the One-Count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: November 4, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE